SAMUEL SWANTON, 2d, *vs.* JOHN LYNCH.

*Pleading.     Variance.*

A declaration setting out an unconditional promise to pay a specified sum in money, is not supported by proof of a promise to pay partly in certain notes of a third person at fifty cents on the dollar, and the balance in money.

ON REPORT.

ASSUMPSIT, for that the said defendant, at said Portland, to wit, at said Augusta, on the twenty-eighth day of October, A. D. 1857, by a certain instrument in writing by him signed, in consideration

that the plaintiff and one Wm. D. Crooker, had formerly assigned to him, the said Lynch, by deed of warrantee, township number five, in the fourth range of townships in the county of Oxford, on his part agreed and promised the said Swanton and Crooker to pay them therefor the sum of twenty thousand dollars, as follows, viz., to assume the payments of all outstanding notes which had previously been given by them for said township, and secured by mortgage thereof, not exceeding the said sum of twenty thousand dollars.

And the said defendant further agreed and promised the said Swanton and Crooker, that for any amount the said outstanding mortgage notes should fall short of said sum of twenty thousand dollars as aforesaid, that he, the said defendant, would make up and pay to the said Swanton and Crooker, by giving them therefor his promissory notes, payable, one-half in two years, and one-half in three years, with interest; said notes last named to be given when the parties holding said first-named notes should renew and extend the same, one-half two years, and one-half three years, and when said township was free of all incumbrances, except said mortgage.

And the plaintiff avers, that said mortgage notes, given by said Swanton and Crooker for said township, and which the said defendant agreed and promised to pay, and has paid, amounted to the sum of fourteen thousand dollars and no more; and that the said notes fell short of the said sum of twenty thousand dollars, in the sum of six thousand dollars, and that said township has long since been cleared of all incumbrances.

The plaintiff further avers, that afterwards, on the twenty-first day of January, A. D. 1858, the said Wm. D. Crooker consenting thereto, the said defendant, by his writing on the back of said instrument, for a valuable consideration, agreed and promised the plaintiff to pay him the amount due by virtue of said instrument, which the plaintiff avers to be the said sum of six thousand dollars, with interest from the said twenty-eighth day of October, A. D. 1857. Yet though requested, the said defendant did not give to the said

Swanton and Crooker his said promissory notes as aforesaid, but wholly refused so to do.

There was also a second count for money had and received.

To support his case, the plaintiff introduced a contract in writing of the following tenor :

"I have this day received of Samuel Swanton, 2d, and W. D. Crooker a warrantee deed of township number five, in the fourth range of townships in Oxford county, dated Oct. 23d, 1857. And as a consideration for the same, I agree to pay them the sum of twenty thousand dollars, as follows, viz., to assume the payment of all the notes given by said Swanton and Crooker in payment for said township now outstanding, and secured by mortgage on the same, not exceeding twenty thousand dollars. For any amount said outstanding notes may fall short of twenty thousand dollars, I agree to make up to said Swanton and Crooker in my promissory notes, one-half in two years, and one-half in three years, with interest. It is understood and agreed that the above conditions shall be fulfilled when the parties holding said notes against Swanton and Crooker shall renew and extend the same, one-half two years, and one-half three years, and the township cleared by said Swanton and Crooker of all incumbrances, except the above-mentioned mortgages.                                           JOHN LYNCH.

PORTLAND, Oct. 28, 1857."

And the memorandum on the back of the written contract of the following tenor :

"I hereby agree to pay the amount due on the within to Samuel Swanton, 2d, said Swanton to allow as a part-payment the notes held by me against A. Jackson, and indorsed by W. D. Crooker, discounting fifty per cent from said notes.                JOHN LYNCH.

PORTLAND, Jan. 21, 1858."

The plaintiff testified, that he called on the defendant for performance, when the agreement was indorsed on the written contract; that the defendant rendered to the plaintiff an account of

Swanton *v.* Lynch.

what the defendant had paid under the contract, and what was then due from him, making the balance of about four thousand dollars.

Here the plaintiff stopped.

The defendant moved for a nonsuit, but the presiding judge overruled the motion. The defendant offered two notes signed by A. Jackson & Co., one dated May 23, 1857, for $450, payable in four months, at bank in Portland, indorsed by Wm. D. Crooker; the other dated March 27, 1857, signed by A. Jackson & Co., for $226.81, on four months, payable at Casco bank, Portland, indorsed by said Crooker. The plaintiff objected to them on the ground that it did not appear that they were the notes referred to in defendant's agreement with plaintiff, and they were excluded.

The defendant then called plaintiff and showed him the notes, and he testified as follows:

These notes were not present when the agreement was made; no notes were (when) then exhibited. I can't say whether these notes are the ones referred to in the agreement; my impression is, that the amount of the notes was not stated definitely at the time, but think some $400 or $500. Don't know of any other notes signed by A. Jackson & Co. and indorsed by Crooker. The defendant again offered the notes, but they were excluded on the ground that they were not sufficiently identified.

The defendant then submitted to a default; with the agreement that the case should be reported, the default to be taken off, and the action to stand for trial, if in the opinion of the full court the plaintiff had not made out his case, or said notes should have been admitted.

No paper in the case indicates the name of the plaintiff's attorney.

*A. Libby*, for the defendant.

WALTON, J. At the trial of this action the plaintiff introduced such evidence as he thought proper, and then stopped. Thereupon the defendant moved for a nonsuit upon the ground that the evidence did not support the declaration. The motion was overruled.

The defendant then consented to be defaulted upon this condition, that the case should be reported to the full court, and the default be taken off, and the action stand for trial, if in the opinion of the full court the plaintiff had not made out his case. The question, therefore, is whether the plaintiff's evidence corresponds with and supports his declaration.

We think it does not. On reading the plaintiff's declaration, it will be observed that he sets out an unconditional promise on the part of the defendant to pay him the sum of six thousand dollars, with interest, while the written agreement of the defendant, read in evidence in support of this alleged promise, is not unconditional, but contains this important qualification, namely, that the plaintiff should allow as part-payment the notes held by the defendant against A. Jackson, and indorsed by W. D. Crooker, discounting fifty per cent from said notes. In other words, the plaintiff was to accept in part-payment of the sum named the Jackson notes at fifty cents on a dollar.

We thus see that there was an important and fatal variance between the averments and the proof. The plaintiff avers an unconditional promise to pay six thousand dollars in money; the proof is a promise to pay partly in money and partly in notes, the notes to be accepted at fifty cents on a dollar.

It is clear, therefore, that the plaintiff's evidence did not correspond with nor support his declaration; and, as agreed by the parties, the default must be taken off, and the action stand for trial.

*Default taken off,*
*Action to stand for trial.*

APPLETON, C. J.; CUTTING, KENT, DICKERSON, and DANFORTH, JJ., concurred.